# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **OSWALD URBAN NELSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:12-cv-0795** |
| | ) | |
| **LOIS M. DeBERRY SPECIAL NEEDS FACILITY,** | ) | **Judge Sharp** |
| *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are the plaintiff's objections (ECF No. 37) to a Report and Recommendation ("R&R") filed by Magistrate Judge Joe Brown on September 30, 2013 (ECF No. 33). The plaintiff has also filed a Notice of Appeal in the Sixth Circuit (ECF No. 50), which the Sixth Circuit Clerk forwarded to this Court.

## I.      Objections to the R&R

In the R&R, Magistrate Judge Brown conducted an initial review of the complaint filed by plaintiff Oswald Nelson, finding that the complaint states colorable claims against three of the defendants, but also finding that the complaint failed to state a colorable claim against the remaining defendants, including the Lois M. DeBerry Special Needs Facility ("DSNF"), Bob Erwin, Dr. Bambee, Dr. O'Toul, Mr. Lanier, Mr. Ganaway, former DSNF Warden Jewel Steele, Deputy Warden Ryan, Corporal Campbell, C.C.O. Maxell, Corporal Davis, and Corporal Shaver, and therefore recommending dismissal of the claims asserted against those defendants.

When a magistrate judge recommends dismissal of any of the claims set forth in the complaint, the district judge must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(B). *See also* Fed. R. Civ. P. 72(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").

An objection is "properly" made if it is sufficiently specific to "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

In his objections, the plaintiff complains generally that he should never have been housed at DSNF, or housed with the general prison population, or required to hold a job at the prison, because of his mental illness. He asserts that Dr. O'Toul knew the seriousness of his mental illness but allowed him to be subjected to these "highly stressful living conditions" and that, because she would not help him, neither would any of the other named defendants. (ECF No. 37, at 1.) He claims that these failures amounted to deliberate indifference to his serious mental-health needs and the deprivation of mental-health services in violation of his constitutional rights.

The Court has conducted a *de novo* review of the complaint and finds that it does not state a claim based on the deliberate indifference to the plaintiff's mental health needs. The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104. Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth

Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To establish the subjective component of an Eighth Amendment Estelle violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state tort law. *Westlake*, 537 F.2d at 860 n.5.

In this case, the injury of which the plaintiff complains is that he was assaulted by another inmate. He does not plausibly associate this injury with any failure to provide necessary mental health treatment. Instead, he claims he should not have been placed in the unit where he was assaulted in the first place. However, his allegations do not establish that the defendants had actual knowledge that the inmate who

attacked the plaintiff posed a threat to him. Moreover, the plaintiff does not allege that he has been altogether denied treatment for his mental illness; rather, he disagreed with the treatment he received for a period of time; he was unhappy with the setting in which prison officials chose to provide treatment, and he disputed prison authorities' decision regarding where to house him and under what classification. Although he claims in his objections that his mental health condition deteriorated for some period of time, he did not include these allegations in his actual complaint. Regardless, the failures as alleged do not establish a deprivation of the plaintiff's constitutional rights. As set forth above, allegations of medical malpractice do not state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106. And when a prisoner disputes the adequacy of the treatment he has received, his claim generally sounds in state tort law, not federal constitutional law.

For these reasons, the plaintiff's objections are hereby **OVERRULED**, the R&R is **ACCEPTED** in its entirety, and the claims against Lois M. DeBerry Special Needs Facility ("DSNF"), Bob Erwin, Dr. Bambee, Dr. O'Toul, Mr. Lanier, Mr. Ganaway, former DSNF Warden Jewel Steele, Deputy Warden Ryan, Corporal Campbell, C.C.O. Maxell, Corporal Davis, and Corporal Shaver are **DISMISSED**.

## II.     Notice of Appeal

The plaintiff does not have the ability to appeal as of right from an order dismissing his claims in part, because this order does not constitute a disposition of the case as a whole. *See* Fed. R. Civ. P. 54(b). Rather, in this situation, the plaintiff may only take an interlocutory appeal with the Court's permission. The Court construes the notice of appeal as a motion for an interlocutory appeal under 28 U.S.C. § 1292(b). Because the plaintiff provides no basis for an interlocutory appeal, the motion is **DENIED**. The plaintiff may appeal the partial dismissal of his claims once the case has been resolved as a whole.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge