```
                 UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

OSWALD URBAN NELSON,              )
                                  )
        Plaintiff                 )
                                  )        No. 3:12-0795
v.                                )        Judge Sharp/Brown
                                  )
LOIS DEBERRY SPECIAL NEEDS        )
FACILITY, *et al.*,               )
                                  )
        Defendants                )

**TO:   THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends the claims against the three remaining Defendants, Officer McCoy, Officer Perez, and Doctor Barnedard be dismissed without prejudice for failure to obtain service of process in accordance with Rule 4(m) within 120 days.[1]

### BACKGROUND

The Plaintiff sued a number of individuals, as well as Lois DeBerry Special Needs Facility (Docket Entry 1 as amended by Docket Entry 8). The Magistrate Judge conducted an initial review of the complaint under the Prison Litigation Reform Format (PLRA)

---

[1] Although the docket sheet lists the Metro Legal Department as a defendant, a reading of the complaint fails to show any claims actually involving Metro Legal Department and the Metro Legal Department is not listed as a defendant in the complaint (Docket Entry 1, par. III(B). It appears that the inclusion of Metro Legal Department as a defendant in this case was simply a misread of the complaint itself because of the way Metro Legal Department was listed on page 1. The Plaintiff did not include Metro Legal Department in his amended complaint (Docket Entry 8).

28 U.S.C. § 1915(A) and 42 U.S.C. § 1997e(c) on September 30, 2013 (Docket Entries 33 and 34).

In the report and recommendation, which subsequently adopted by the District Judge (Docket Entry 51), all claims against the Defendants were dismissed except the individual claims against Officers McCoy and Perez, and Doctor Barnedard. The Magistrate Judge, at the same time (Docket Entry 34), directed service of process against Officers McCoy and Perez and Doctor Barnedard in their individual capacity. The Clerk was directed to issue process to those Defendants to the addresses provided in the amended complaint.

Subsequently, the United States Marshals Service returned the summonses unexecuted as to the three Defendants (Docket Entries 44, 45, 46) on November 29, 2013. The Magistrate Judge then notified the Plaintiff (Docket Entry 47) that under Federal Rule of Civil Procedure 4(m) the Plaintiff had 120 days in which to obtain service of process and that failure to do so could result in the Plaintiff's case being dismissed without prejudice. The Plaintiff was directed to notify the Clerk if he had better addresses and that if he did not he was advised as to how he could attempt to secure additional information so the Marshals Service could attempt service of process again.

On December 20, 2013 (Docket Entry 54), the Magistrate Judge again notified the Plaintiff that it had been over six weeks since the Plaintiff was notified that service of process could not be executed and that the Plaintiff had not provided any better

2

address for any of the three remaining Defendants. Plaintiff was again cautioned about the provisions of Rule 4(m) and that for the purpose of that rule the Magistrate Judge considered the 120 days to begin to run on October 1, 2013.

On January 15, 2014, the Magistrate Judge denied the Plaintiff's motion to appoint counsel, but allowed the Plaintiff until March 3, 2014, to provide better addresses for the remaining Defendants. Plaintiff was specifically warned that failure to do so would result in the Magistrate Judge recommending that his case be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m) and to prosecute his case. In this order the Plaintiff was provided copies of the previous orders dealing with time for service of process (Docket Entries 47 and 54).

**LEGAL DISCUSSION**

A dismissal with or without prejudice is a drastic remedy, and before the Court contemplates dismissing an action under Rule 41(b), the Court must specifically consider: "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) where the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988(6$_{th}$ Cir. 1999).

In the Magistrate Judge's order of January 15, 2014 (Docket Entry 57) the Plaintiff was against specifically advised that unless he could provide names and addresses for the three remaining Defendants on or before March 3, 2014, the Magistrate Judge would recommend that his case be dismissed for failure to comply with Federal Rules of Civil Procedure 4(m) and to prosecute his case.

Since the entry of that order the Plaintiff's attempt to appeal a portion of his case to the Sixth Circuit was denied (Docket Entry 59). The Plaintiff has provided the Court with no additional information by which the United States Marshals Service can attempt service of process, neither has the Plaintiff requested additional time to secure such information.

The Court must be able to control its docket and move cases forward. If Defendants are to be required to respond to a complaint, they need to receive the complaint before memories fade and evidence is lost. In this case (1) the Plaintiff has provided no information showing his efforts to find better addresses, (2) the Defendant would be prejudiced by not learning of this litigation for a substantial period of time-the Plaintiff filed his case on July 25, 2012, and it is now March 2014 and these Defendants have yet to be served; (3) the Plaintiff has been repeatedly warned that failure to secure service of process could lead to dismissal; and (4) the Magistrate Judge has considered less drastic sanctions, however, given the age of this case it is simply not practicable to give the Plaintiff additional time absent some

4

showing by the Plaintiff that he had made efforts to secure better addresses or that he has a plan to do so.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be **DISMISSED** without prejudice for failure to obtain service of process and to comply with Court orders.[2]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of March 2014.

<u>/s/    Joe B. Brown</u>
JOE B. BROWN
United States Magistrate Judge

---

[2]Although the dismissal is without prejudice because more than one year will have passed since the alleged violation occurred it is likely that any new case would be barred by the Tennessee one-year statute of limitations.