UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSWALD URBAN NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:12-cv-0795 |
| v. | ) |
| | ) Judge Sharp |
| LOIS DEBERRY SPECIAL NEEDS | ) Magistrate Judge Brown |
| FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Pending before the Court is a Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this action be dismissed without prejudice. Specifically, the R & R provides,

> In the Magistrate Judge's order of January 15, 2014 (Docket Entry 57) the Plaintiff was again specifically advised that unless he could provide names and addresses for the three remaining Defendants[1] on or before March 3, 2014, the Magistrate Judge would recommend that his case be dismissed for failure to comply with Federal Rules of Civil Procedure 4(m) and to prosecute his case.
>
> Since the entry of that order the Plaintiff's attempt to appeal a portion of his case to the Sixth Circuit was denied (Docket Entry 59). The Plaintiff has provided the Court with no additional information by which the United States Marshals Service can attempt service of process, neither has the Plaintiff requested additional time to secure such information.
>
> The Court must be able to control its docket and move cases forward. If Defendants are to be required to respond to a complaint, they need to receive the complaint before memories fade and evidence is lost. In this case (1) the Plaintiff has provided no information showing his efforts to find better addresses, (2) the Defendants would be prejudiced by not learning of this litigation for a substantial period of time–the Plaintiff filed his case on July 25, 2012, and it is now March 2014 and these Defendants have yet to be served; (3) the Plaintiff has been repeatedly warned that failure to secure service of process could lead to dismissal; and (4) the Magistrate Judge has considered less drastic sanctions, however, given

---

[1] The three remaining Defendants are Officer McCoy, Officer Perez and Doctor Barnedard. The full names of the Defendants are unknown.

1

the age of this case it is simply not practicable to give the Plaintiff additional time absent some showing by the Plaintiff that he had made efforts to secure better addresses or that he has a plan to do so.

(Docket Entry No. 11). Plaintiff made a timely objection to the R & R. (Docket Entry No. 64).[2]

Having thoroughly reviewed the record in this case and the applicable law in accordance with Rule 72(b), the Court will accept the R & R.

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 62) is hereby ACCEPTED and APPROVED; and

(2) Plaintiff Oswald Urban Nelson's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff failed, however, to show he has made additional efforts to "secure better addresses or that he plans to do so." Furthermore, the issues discussed in Plaintiff's objection have already been addressed by the Magistrate Judge in an Order issued on January 15, 2014, wherein Plaintiff's statements that he "suffers from various mental illnesses and that his status as a prisoner hampers his ability to proceed with his lawsuit" were considered. The Magistrate Judge ultimately ruled, "[t]he appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no circumstances exist."